# EXHIBIT A

Law Offices of Genesis A. Peduto
Suzy Yengo, Esq., of counsel
8512 Kennedy Boulevard
North Bergen, New Jersey 07047
Tel. 201-433-6705
suzyroseesq@aol.com
Attorney for the Plaintiff Joan Simon
Suzy R., Yengo, Esq. *of counsel* (018041999)

| | |
|---|---|
| JOAN SIMON<br><br>Plaintiff,<br><br>v.<br><br>SAINT DOMINIC ACADEMY;<br>GUENDOLYN FERRALES *Individually*;<br>JANE DOES 1-5 (fictitious individuals)<br><br><br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>HUDSON COUNTY<br><br>DOCKET NO: HUD-L-_____-19<br><br>CIVIL ACTION<br><br>COMPLAINT, JURY DEMAND, R. 4:5-1<br>CERTIFICATION AND DESIGNATION<br>OF TRIAL COUNSEL |

Plaintiff JOAN SIMON, by way of Complaint against Defendants, says the following:

### FACTS COMMON TO ALL COUNTS

1. Plaintiff Joan Simon is an individual residing in the State of New Jersey.

2. Upon information and belief, Defendant Guendolyn Ferrales is an individual who resides within the State of New Jersey; she is currently the Dean for the Defendant Saint Dominic Academy. Defendant Saint Dominic Academy is an educational organization with a principal place of business at 2572 Kennedy Boulevard, County of Hudson, State of New Jersey 07304. Defendant Saint Dominic Academy is an asset of the Dominican Sisters of Caldwell, 1

1

Ryerson Avenue, Caldwell, NJ 07006. Defendant Saint Dominic operates under the auspices of the Archdiocese of Newark, Superintendent Dr. Margaret Dames, 171 Clifton Avenue, Newark, NJ 07104.

3. All actions alleged herein occurred and transpired in County of Hudson and this vicinage is the proper venue.

4. The fictitious individuals Jane Does 1-5 are unknown individuals who Plaintiff believes may have participated and conspired in with the illegal acts of Defendant Farrales and Defendant Saint Dominic Academy.

5. Until October 9, 2018 termination Plaintiff was an employee of Defendant Saint Dominic Academy; Plaintiff Simon held the position of Chairperson, Religion Department. At the time of her illegal and unlawful termination, Defendant Guendolyn Farrales was the Dean of the Defendant Saint Dominic Academy. Defendant Farrales continues in that position.

6. Immediate prior to the termination, Plaintiff Simon's father-in-law had died the evening prior. Plaintiff Simon was terminated without due process which typically includes written advisement, discussion, perhaps a hearing, and demonstration of good cause. The pretext for termination allegedly dated back to September 10, 2018. Termination was made THE DAY PLAINTIFF SIMON RETURNED while Plaintiff Simon was returning from sick leave after she had been involved in a motor vehicle accident.

7. Plaintiff Simon is an experienced professional with over four decades of being an educator, specifically in teaching Theology, and overseeing the Religion Department for Defendant Saint Dominic. Plaintiff Simon has a Masters in Theology. Plaintiff Simon was replaced by a person with an English Degree, on the promise of employment in 2019-2020.

8. Plaintiff Simon had frequently made violations of the law and violations of educational process known to the Defendant Academy's Administration. Those violations included, but not limited to, as permitted by Sarah Degnan and refused by Sister Marylou Bauman, as permitted by Sarah Degnan:

- Defendant Saint Dominic Academy failed to conduct monthly fire drills;
- Defendant Saint Dominic Academy failed and refused to include "Lock Down Procedures" for the student body;
- Students' medical records are not kept up-to-date;
- Students were left unattended throughout the school day and after school;
- Students are left after school, as Administrators leave the grounds when the students complete their academic schedule. Sports meetings are held after school without coaches being there; Students go to Lincoln Park without supervision;
- Drug use in the building has been observed; the Administration was advised. When Plaintiff Simon divulged this information to Sister Marylou Bauman, the latter stated, "there were not any drugs used and to mind your own business." Plaintiff Simon observed coming to school high on coke and marijuana.
- Sister Marylou Bauman refused to take action on Bullying Complaints. Sister refused to address the student responsible for bullying, while the victim stayed out of school for an extended period of time;
- Sister Marylou Bauman went on the PA System and described the female students as "whores" for wearing their uniforms too short, as a neighbor coimplained to the school. The upset students were greeting each other the next day, "Hi, Whore!" To demonstrate the farcical nature of their acts, the Administration called an Assembly the next day and told the students, "Sister never said that."
- Sister Marylou Bauman demeaned the President of the Student Council by making her get on her hands and knees to clean up spilled coffee. The Student's Parents
- were furious and when complaining to the Head of School, they were told to "take it further if they wish, " as nothing was done to Sr. Bauman.
- The Defendant Administration lacks credentials for their positions:

    -Head of School Sarah Degnan has an Administration Degree but no Principal's License;

3

> -Not one Administrator has their credentials for the State of New Jersey;
>
> -Academic Dean, Individual Defendant Guendolyn Ferrales, has a Bachelor's Degree from the Philippines. She does not have the Master's Degree that is required on her position;
>
> -Sr. Marylou Bauman does not have a Master in Administration, only in Guidance and English;
>
> - Director of Admissions has a Bachelor's Degree in Early Childhood;

- Defendant Saint Dominic Administration does not observe Confidentiality and Privacy Act rights as they have discussed termination of Plaintiff Simon, Lori Palmeri, Jim German, an Chris Kempt publicly and openly;
- Sr. Marylou Bauman maintains her own finance account, in which money raised by the Students was improperly taken by Sr. Bauman for uses other than intended. Plaintiff Simon brought this to the attention of Head of School. Sr. Bauman refused to deliver funds to the Finance Department.
- Head of School Sarah Degnan has taken her minor daughter on class trips, including overnights, for which the minor daughter is taking a seat of student that was not permitted to go/attend;
- Most faculty members are not Certified in their subject area. This is not disclosed to Parents who remit tuition for subject matter experts;
- Defendant Saint Dominc Academy refuses to comply with the 180 days of school requirement of the State of New Jersey.

9. Likewise, during her tenure as Chairperson of Religion Department Plaintiff Simon made the aforementioned incidents known to the Defendant SDA and the Individual Defendant Farrales, as well as other administrators of SDA.

4

10. On October 9, 2018, Defendant Saint Dominic Academy unlawfully and illegally terminated Plaintiff Simon's employment at the direction of Defendant Guendolyn Farrales, , Defendant Saint Dominic Academy, with the assistance and direction of

### FIRST COUNT
**(New Jersey Law Against Discrimination,
N.J.S.A. 10:5-1 to -42 – Age Discrimination)**

11. Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

12. N.J.S.A. 10:5-12d prohibits an employer from retaliating against a person because she opposes a practice or action that is unlawful under the New Jersey Law Against Discrimination ("NJLAD").

13. Plaintiff Simon's complaint continued caring about the Academy and the complaints of how she was being treated based on her age, constituted protected activity.

14. Thereafter, as a result of the protected activity, Defendant Saint Dominic Academy, Defendant Farrales, and others unlawfully retaliated against Plaintiff Simon in violation of NJLAD.

15. Said retaliation included, *inter alia*, creating a hostile work environment, denying benefits under the employment agreement, employee handbook, and contract, and thereafter terminating her employment on October 9, 2018. Plaintiff Simon was replaced by a younger employee, who lacked credentials to even teach religion.

16. Defendant SDA's conduct was egregious, willful and wanton and in reckless disregard of Plaintiff Simon's rights, and involved the participation of Defendant Saint Dominic Academy's Upper Management, thereby warranting an award of punitive damages.

17. In taking actions that she knew were a breach of SDA's duty under NJLAD, and knowingly giving substantial assistance or encouragement to the unlawful conduct of their employer, Defendant Farrales is individually liable under NJLAD.

18. As a result of the Defendants' unlawful conduct, Plaintiff Simon suffered economic damages including loss of income and benefits and also suffered emotional distress.

**WHEREFORE**, Plaintiff Simon demands that judgment be entered against Defendants SDA and Defendant Farrales awarding her compensatory damages, inclusive of front and back pay, emotional distress damages; punitive damages; reasonable attorney's fees and expenses pursuant to N.J.S.A. § 10:5-27.1 and any other relief the Court deems proper and just.

## SECOND COUNT
### (New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -42 – Disability Discrimination)

19. Plaintiff Simon hereby repeats and realleges all of the allegations set forth above as if set forth at length herein.

20. Plaintiff Simon suffered from disabling conditions that with an accommodation could, and did, perform the functions of her position and profession. Defendant SDA ignored their requirements of the law, and failed to accommodate Plaintiff Simon.

21. Defendant Saint Dominic Academy termination Plaintiff Simon's employment constituted an unlawful employment action in violation of NJLAD.

22. In taking actions that they knew were a breach of Defendant Saint Dominic Academy's duty under NJLAD, and knowingly giving substantial assistance or encouragement to the unlawful conduct of his employer, Defendant Guendolyn Farrales is individually liable under NJLAD.

23. As a direct and proximate result of Defendants' discriminatory actions, Plaintiff has suffered economic and emotional damages.

6

24. Because of the involvement of members of Upper Management, Defendants are liable for punitive damages.

WHEREFORE, Plaintiff Simon demands that a judgment be entered against Defendants SDA and Defendant Farrales awarding i) compensatory and punitive damages; ii) reasonable attorney's fees and expenses pursuant to N.J.S.A. § 10:5-27.1; and iii) such other relief as this Court deems just and proper.

### THIRD COUNT
### (New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -42 – Hostile Work Environment)

25. Plaintiff hereby repeats and realleges all of the allegations set forth above as if set forth at length herein.

26. NJLAD prohibits creation of a hostile work environment through harassment.

27. The harassment to which Plaintiff Simon was subject, as further described in paragraphs above, was sufficiently severe or pervasive that a reasonable person would have deemed it to be hostile, abusive, intimidating, or offensive.

28. This harassment would not have occurred but for Plaintiff's Simon's age.

29. The aforementioned constituted a hostile work environment.

30. Because they delegated to Defendant Farrales the authority to control Plaintiff Simon's working environment, and Defendant Saint Dominic Academy abused that authority to create a hostile work environment, Defendant Saint Dominic Academy may be held liable.

31. Although Plaintiff complained to her direct supervisor as well as to the Defendant Farrales, Defendant Saint Dominic Academy did not take appropriate measures.

32. In addition, Defendant Saint Dominic Academy was negligent in combating the creation of a hostile work environment by, inter alia, failing to maintain effective sensing or monitoring mechanisms to check the trustworthiness of its policies and complaint structures.

33. This failure to maintain effective sensing or monitoring mechanisms is evidenced by, inter alia, both Defendant Farrales and Sr. Marylou Bauman previous inappropriate conduct toward other SDA employees, as well Joan Simon directly.

34. As evidenced by, inter alia, the open and notorious manner in which Defendant SDA's Administrators conducted their "pursuit" of Plaintiff JOAN SIMON and the inappropriate conduct Defendant Farrales, Defendant Saint Dominic Academy failed to demonstrate an unequivocal commitment from its highest levels that harassment will not be tolerated.

35. Defendants' above-described actions constitute unlawful employment actions in violation of NJLAD including, inter alia, N.J.S.A. § 10:5-12a.

36. In taking actions that she knew were a breach of Defendant Farrales' duty under NJLAD, and knowingly giving substantial assistance or encouragement to the unlawful conduct of her employer, Defendant Farrales is individually liable under NJLAD.

37. As a direct and proximate result of Defendants' discriminatory actions, Plaintiff Simon has suffered economic and emotional damages.

38. Because of the involvement of members of Upper Management, Defendants are liable for punitive damages.

WHEREFORE, Plaintiff JOAN SIMON demands that a judgment be entered against Defendants SDA and Defendant Guendolyn Farrales awarding i) compensatory and punitive damages; ii) reasonable attorney's fees and expenses pursuant to N.J.S.A. § 10:5-27.1; and iii) such other relief as this Court deems just and proper.

## FOURTH COUNT
### (Termination in Violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.)

39. Plaintiff Simon repeats and re-alleges each and every prior allegation as if set forth at length herein.

40. Defendant SDA never articulated reasons for terminating Plaintiff's employment—that she was returning from sick leave-- was a pretext. In fact, Plaintiff Simon was terminated for being out for a period of time after a motor vehicle accident. Plaintiff was terminated on October 9, 2018 without warning, and after her father-in-law had died a night previous.

41. In taking actions that they knew were a breach of SDA's duty under NJLAD, and knowingly giving substantial assistance or encouragement to the unlawful conduct of their employer, Defendant Farrales is individually liable under NJLAD.

42. Defendants' conduct was egregious, willful and wanton and in reckless disregard of Plaintiff's rights for which punitive damages are appropriate, and involved Defendant Saint Dominic Academy's Upper Management participation.

43. As a result of the Defendants' unlawful conduct, Plaintiff Simon suffered economic damages including loss of income and benefits and emotional distress.

WHEREFORE, Plaintiff Simon demands judgment against Defendants SDA and Defendant Farrales awarding her compensatory damages, inclusive of front and back pay; emotional distress damages; punitive damages; reasonable attorney's fees and expenses pursuant to N.J.S.A. § 10:5-27.1 and such other relief and damages the Court deems proper and just.

## FIFTH COUNT
### (Differential Treatment in Violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq., Religious Discrimination)

44. Plaintiff repeats and re-alleges each and every prior allegation as if set forth at length herein.

45. Defendant Saint Dominic Academy's failure to maintain employment of Plaintiff Simon was, in whole or in part, due to her Religious beliefs.

46. Defendant SDA through their administrators treated Plaintiff differently based upon her religious beliefs. Segregating Plaintiff Simon from usual Department Chair meetings, responsibilities, and input to the Defendant SDA curriculum.

47. In taking actions that they knew were a breach of Defendant Saint Dominic Academy's duty under NJLAD, and knowingly giving substantial assistance or encouragement to the unlawful conduct of their employer, Defendant Farrales is individually liable under NJLAD.

48. Defendants' conduct was egregious, willful and wanton and in reckless disregard of Plaintiff's rights for which punitive damages are appropriate, and involved SDA's Upper Management participation.

49. As a result of the Defendants' unlawful conduct, Plaintiff Simon suffered economic damages including loss of income and benefits and also suffered emotional distress.

   WHEREFORE, Plaintiff Simon demands judgment against Defendants SDA and Defendant Guendolyn Farrales awarding her compensatory damages, inclusive of front and back pay; emotional distress damages; punitive damages; reasonable attorney's fees and expenses pursuant to N.J.S.A. § 10:5-27.1 and such other relief and damages the Court deems proper and just.

## SIXTH COUNT
### SAINT DOMINIC ACADEMY—Breach of Contract

50. Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

51. The Employee Manual and the rules of the workplace, as described supra, created a contract between Plaintiff Simon and Defendant Saint Dominic Academy because the document's plain language led her to reasonably believe that the company's policies regarding, inter alia, job security would be honored and therefore obviate the need be harassed and subject to a hostile work environment.

52. In firing Plaintiff Simon without just cause and failing to inform Plaintiff Simon of her statutory rights under the leave requirements Defendant Saint Dominic Academy failed to discharge its contractual duties as set forth in the Manual. Similarly, Defendant SDA committed an additional breach when, in contravention of the Manual's mandate, it failed to "to look after JOAN SIMON's interests" and make a good faith effort to accommodate JOAN SIMON after she suffered the aforementioned disabling conditions.

53. Due to these stated breaches of contract, plaintiff was damaged.
WHEREFORE, Plaintiff JOAN SIMON demands judgment against Defendant Saint Dominic Academy on the Cause of Action and seeks the following relief: (i) compensatory damages; (ii) pre-judgment interest; and (iii) such other relief as this Court deems just and proper.

## SEVENTH COUNT
### Breach of the Implied Covenant
### of Good Faith and Fair Dealing

54. Plaintiff Simon hereby repeats and realleges all of the allegations set forth above as if set forth at length herein.

55. Under New Jersey law, all contracts contain an implied covenant of good faith and fair dealing ("the Implied Covenant").

56. Under the Implied Covenant, neither party may do anything that will thwart the other party's expectation or purpose under the contract and/or deprive that party of the benefit of the contract.

57. In terminating Plaintiff Simon notwithstanding its knowledge that good cause for discharge did not exist, in failing to inform her of her statutory rights for leave, and in neglecting to make a bona fide attempt to accommodate Plaintiff Simon disabling condition(s), Defendant Saint Dominic Academy breached the Implied Covenant.

58. As a direct and proximate result of Defendant Saint Dominic Academy's breach of the Implied Covenant, Plaintiff Simon has been damaged.

**WHEREFORE**, Plaintiff JOAN SIMON demands judgment against Defendant Saint Dominic Academy on this Cause of Action and seeks the following relief: (i) compensatory and punitive damages; (ii) pre-judgment interest; (iii) reinstatement with back pay; and (iv) such other relief as this Court deems just and proper.

### EIGHTH COUNT

Violations of N.J.S.A. §34:15-39.1:, et seq.
and Family Medical Leave Act, 29 U.S.C. §2601, et seq.

59. Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

60. Under N.J.S.A. 34:15-39.1. et seq., as well as the FMLA, 29 U.S.C. §2601, et seq. Defendant SDA was required to restore Plaintiff "to the position of employment held" when she left for leave, or to "an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment."

61. Defendant SDA violated §34:15-39, et seq. and the FMLA when it terminated Plaintiff upon her return to work following leave.

62. As a direct and proximate result of Defendant SDAs' actions Plaintiff suffered injuries and damages.

WHEREFORE, Plaintiff JOAN SIMON demands judgment against Defendant Saint Dominic Academy on this Cause of Action and seeks the following relief: (i) compensatory and punitive damages; (ii) pre-judgment interest; (iii) reinstatement with back pay; and (iv) such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff JOAN SIMON demands trial by jury on all claims and issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Suzy Yengo is hereby designated as trial counsel pursuant to R. 4:5-1(c).

Respectfully submitted,

LAW OFFICES OF GENESIS A. PEDUTO
8512 Kennedy Boulevard
North Bergen, New Jersey 07047
*Attorneys for Plaintiff*

*Suzy R. Yengo, Esq. /s/*

By _____
SUZY R. YENGO, ESQ, of counsel.

Dated: November 1, 2019

## R. 4:5-1 CERTIFICATION

Pursuant to R. 4:5-1, the undersigned certifies that, to the best of his knowledge, the within matters in controversy are not the subject of any other action pending in any other court or of a pending arbitration proceeding nor is any action or arbitration proceeding contemplated nor are other parties required to be joined in this action.

/s/ *Suzy R. Yengo*

_____
SUZY R. YENGO, ESQ.

Dated: November 1, 2019

14

Appendix XII-B1

# Civil Case Information Statement
## (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed

**For Use by Clerk's Office Only**
Payment type: ☐ ck ☐ cg ☐ ca
Chg/Ck Number:
Amount:
Overpayment:
Batch Number:

| Field | Value |
|---|---|
| Attorney/Pro Se Name | SUZY YENGO, ESQ (#018041999) |
| Telephone Number | (201) 868-2240 |
| County of Venue | Hudson |
| Firm Name (if applicable) | Law Offices of Genesis A. Peduto, Esq. |
| Docket Number (when available) | |
| Office Address | 8512 Kennedy Boulevard, North Bergen, New Jersey 07047 |
| Document Type | COMPLAINT |
| Jury Demand | ■ Yes ☐ No |

Name of Party (e.g., John Doe, Plaintiff): **JOAN SIMON**

Caption: **JOAN SIMON v. SAINT DOMINIC ACADEMY; Guendolyn Farrales, Individually**

Case Type Number (See reverse side for listing): **618**

Is this a professional malpractice case? ☐ Yes ■ No
If you have checked "Yes," see *N.J.S.A.* 2A:53A-27 and applicable case law regarding your obligation to file an affidavit of merit.

Related Cases Pending? ☐ Yes ■ No
If "Yes," list docket numbers:

Do you anticipate adding any parties (arising out of same transaction or occurrence)? ■ Yes ☐ No

Name of defendant's primary insurance company (if known): ☐ None ■ Unknown

**The Information Provided on This Form Cannot be Introduced into Evidence.**

### Case Characteristics for Purposes of Determining if Case is Appropriate for Mediation

Do parties have a current, past or recurrent relationship? ■ Yes ☐ No
If "Yes," is that relationship: ■ Employer/Employee ☐ Friend/Neighbor ☐ Other (explain) ☐ Familial ☐ Business

Does the statute governing this case provide for payment of fees by the losing party? ☐ Yes ■ No

Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition

Do you or your client need any disability accommodations? ☐ Yes ■ No
If yes, please identify the requested accommodation:

Will an interpreter be needed? ☐ Yes ■ No
If yes, for what language?

I certify that confidential personal identifiers have been redacted from documents now submitted to the court and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

Attorney Signature: *[signature]*

Revised Form Promulgated by 07/01/2019 Notice to the Bar, CN 10517

page 1 of 2

**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

### Track I - 150 days' discovery
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

### Track II - 300 days' discovery
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

### Track III - 450 days' discovery
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

### Track IV - Active Case Management by Individual Judge / 450 days' discovery
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

### Multicounty Litigation (Track IV)
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 289 REGLAN
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300 TALC-BASED BODY POWDERS
- 601 ASBESTOS
- 623 PROPECIA
- 624 STRYKER LFIT CoCr V40 FEMORAL HEADS
- 625 FIREFIGHTER HEARING LOSS LITIGATION
- 626 ABILIFY
- 627 PHYSIOMESH FLEXIBLE COMPOSITE MESH
- 628 TAXOTERE/DOCETAXEL
- 629 ZOSTAVAX
- 630 PROCEED MESH/PATCH

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category ☐ Putative Class Action ☐ Title 59

Revised Form Promulgated by 07/01/2019 Notice to the Bar, CN 10517     page 2 of 2

# Civil Case Information Statement

## Case Details: HUDSON | Civil Part Docket# L-004248-19

**Case Caption:** YENGO SUZY VS ST DOMINIC ACADEMY
**Case Initiation Date:** 11/01/2019
**Attorney Name:** GENESIS A PEDUTO
**Firm Name:** GENESIS A PEDUTO, ESQ.
**Address:** 8512 KENNEDY BLVD STE 1
NORTH BERGEN NJ 07047
**Phone:** 2018682240
**Name of Party:** PLAINTIFF : Yengo, Suzy, R
**Name of Defendant's Primary Insurance Company
(if known):** Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
    **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
    **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO    **Title 59?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/01/2019                                              /s/ GENESIS A PEDUTO
Dated                                                   Signed