<u>Not for Publication</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JOAN SIMON,

        *Plaintiff*,

   v.

SAINT DOMINIC ACADEMY, et al.,

        *Defendants*.

Civil Action No. 19-cv-21271

<u>**OPINION**</u>

<u>**John Michael Vazquez,  U.S.D.J.**</u>

Plaintiff Joan Simon alleges, among other things, that she was wrongfully terminated from her position at Defendant Saint Dominic Academy ("SDA") as a result of her age, disability, and whistleblowing activities.  Presently pending before the Court is the unopposed motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants SDA and Guendolyn Farrales.  D.E. 3.  The Court reviewed the submission and decides the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b).  For the reasons set forth below, Defendants' motion is **GRANTED in part and DENIED in part.**

## I.  BACKGROUND[1] AND PROCEDURAL HISTORY

Plaintiff alleges that she was terminated from her employment with SDA on October 9, 2018, the day she returned from a leave of absence due to a motor vehicle accident.  Compl. ¶ 6, D.E. 1-1.  Prior to her termination, Plaintiff was the Chairperson of the Religious Department at

---

[1] The factual background is taken from Plaintiff's Complaint.  D.E. 1-1.  When reviewing a Rule 12(b)(6) motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."  *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

SDA.  *Id.* ¶ 5.  Plaintiff alleges that while employed, she made a number of complaints regarding "violations of the law and . . . educational process" at SDA.  *Id.* ¶ 8.  Plaintiff continues that she made these complaints to members of the SDA administration, including to Defendant Farrales, the Dean of SDA.  *Id.* ¶¶ 5, 9.  Plaintiff also contends that she suffered from "disabling conditions" that SDA failed to accommodate.  *Id.* ¶ 21.  Finally, Plaintiff claims that she was terminated at the direction of Farrales, and was "replaced by a younger employee, who lacked credentials to even teach religion."  *Id.* ¶¶ 10, 15.

Plaintiff filed her eight-count complaint against SDA and Farrales in the Superior Court of New Jersey.  Counts One through Five of the Complaint assert claims under the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1 *et seq.*; Counts Six and Seven assert a claim for breach of the SDA Employee Manual and breach of the implied covenant of good faith and fair dealing, respectively; and Count Eight asserts a claim under the LAD and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*  D.E. 1-1.  Defendants removed the matter to this Court on December 11, 2019, asserting federal question jurisdiction due to Plaintiff's FMLA claim.  *See* Notice of Removal ¶ 5.  Defendants subsequently filed the instant motion to dismiss on January 8, 2020, seeking to dismiss Counts One through Seven of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  D.E. 3.

Plaintiff did not oppose Defendants' motion to dismiss.  Instead, on February 3, 2020, Plaintiff filed an Amended Complaint.  D.E. 6.  On February 7, 2020, the Court entered a text order stating that "[i]t does not appear that Plaintiffs Amended Complaint was filed in accordance with Fed. R. Civ. P. 15(a)(2)." [2]  D.E. 7.  The Court further explained that if Plaintiff filed an

---

[2] Federal Rule of Civil Procedure 15(a) provides that "a party may amend its pleading once as a matter of course . . . 21 days after service of a motion under Rule 12(b)."  Fed. R. Civ. P. 15(a)(1)(B).  If a party cannot amend its pleading as a matter of course pursuant to Rule 15(a), "a

appropriate motion or obtained Defendants' written consent, the Court would terminate the pending motion to dismiss and provide Defendants with leave to refile their motion to dismiss as to the Amended Complaint. *Id.* Plaintiff did not file a motion, nor is there any indication that she obtained Defendants' consent to file the amended pleading. Accordingly, the Court does not consider Plaintiff's Amended Complaint, and rules on Defendants' motion to dismiss as to the initial Complaint.

## II.     LEGAL STANDARD

Defendants seek to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

---

party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

### III.    ANALYSIS

#### a.  Count One

In Count One, Plaintiff alleges that Defendants discriminated against her because of her age. Compl. ¶¶ 11-18.  The LAD prohibits unlawful employment practices and discrimination by an employer.  *Tarr v. Ciasulli*, 181 N.J. 70, 83 (N.J. 2004).  To plead a *prima facie* LAD discrimination claim, a plaintiff must allege that she (1) is a member of a designated protected class; (2) was qualified for and performing the essential functions of the job; (3) suffered termination or adverse employment action; and (4) others not in the protected class did not suffer similar adverse employment decisions.  *Victor v. State*, 203 N.J. 383, 408 (2010).  The LAD does not specify a qualifying age to assert an age discrimination claim.  Accordingly, "courts have modified the fourth element to require a showing that the plaintiff was replaced with 'a candidate sufficiently younger to permit an inference of age discrimination.'"  *Bergen Commercial Bank v. Sisler*, 157 N.J. 188, 213 (1999) (quoting *Kelly v. Bally's Grand, Inc.*, 285 N.J. Super. 422, 429 (App. Div. 1995)).  Here, Plaintiff simply alleges that she was "replaced by a younger employee." Compl. ¶ 15.  Plaintiff does not allege her age or the age of her replacement.  In light of Plaintiff's conclusory allegation, the Court cannot infer that she was terminated because of her age. Plaintiff's age discrimination claim, therefore, is dismissed.

Plaintiff also appears to assert a LAD claim for retaliation in Count One, based on complaints of her mistreatment due to her age.  *Id.* ¶ 13.  Retaliatory discrimination constitutes an unlawful employment practice under the LAD.  *Delli Santi v. CNA Ins. Cos.*, 88 F.3d 192, 198 (3d Cir. 1996).  To state a retaliation claim, a plaintiff must put forth a *prima facie* case, showing that (1) she engaged in a protected activity; (2) she suffered an adverse employment action either after or contemporaneous with the protected activity; and (3) there is a causal connection between the

two events. *Id.*   A court considers a broad array of evidence to find a causal link, such as an "unusually suggestive" temporal proximity between the protected activity and adverse action, ongoing antagonism, or other circumstantial evidence suggesting a retaliatory animus. *Tinio v. St. Joseph Reg'l Med. Ctr.*, 645 F. App'x 173, 176-77 (3d Cir. 2016).   In this instance, even assuming that Plaintiff engaged in a protected activity, she does not sufficiently allege a causal connection. For example, Plaintiff does not state when she made her alleged complaints such that the Court could assume there was unusually suggestive temporal proximity between her complaint and termination.   As a result, Plaintiff fails to state a retaliation claim in Count One.   Count One is dismissed in its entirety.

> **b.  Count Two**

In Count Two, Plaintiff alleges a claim for disability discrimination.  Compl. ¶¶ 20-24.  To plead a claim for the failure to accommodate a disability, a plaintiff must allege that (1) she is disabled; (2) her requests for accommodations were reasonable; and (3) those requests were denied. *Mucci v. Rutgers*, No. 08-4806, 2011 WL 831967, at *21 (D.N.J. Mar. 3, 2011).  Plaintiff's claim for disability discrimination is conclusory.   Plaintiff alleges that she has a "disabling condition" and that SDA failed to accommodate Plaintiff.  Compl. ¶ 20.  But Plaintiff fails to provide any details about her condition, her requests for a reasonable accommodation, or that SDA denied her requests.  Count Two is also dismissed.

### c. Count Three

Plaintiff asserts a claim for hostile work environment in Count Three.  Compl. ¶¶ 25-38.  To state a hostile work environment claim, a plaintiff must allege that there was conduct that a reasonable person would consider "sufficiently severe or pervasive to alter the conditions of employment and create an intimidating, hostile, or offensive working environment."  *Schiavo v. Marina Dist. Dev. Co., LLC*, 442 N.J. Super. 346, 368 (App. Div. 2015) (quoting *Lehmann v. Toys 'R' Us, Inc.*, 132 N.J. 587, 603-04 (1993)).  A plaintiff must also allege that the conduct would not have occurred but for her protected status.  *Id.*  When assessing the sufficiency of a hostile work environment claim, "[c]ourts must consider the frequency or severity of the conduct, whether the conduct was physically threatening or humiliating, or merely an offensive utterance and whether the conduct unreasonably interfered with plaintiff's work performance."  *Rich v. State*, 294 F. Supp. 3d 266, 281 (D.N.J. 2018) (quoting *Jackson v. Gannett Co.*, No. 08-6403, 2011 WL 3362154, at *5 (D.N.J. Aug. 3, 2011)).  Thus, severe or pervasive conduct may be established through "numerous incidents that, if considered individually, would be insufficiently severe to state a claim, but considered together are sufficiently pervasive to make the work environment intimidating or hostile."  *Lehmann*, 132 N.J. at 607.  However, "the LAD is not intended to be a general civility code for conduct in the workplace . . . . [S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment."  *Mandel v. UBS/PaineWebber, Inc.*, 373 N.J. Super. 55, 73 (App. Div. 2004) (internal quotations omitted) (quoting *Heitzman v. Monmouth County*, 321 N.J. Super. 133, 147 (App. Div. 1999)).  Here, Plaintiff pleads in a conclusory fashion that she was subjected to severe and pervasive harassment because of her age.  Compl. ¶¶ 27-28.  But Plaintiff fails to plead any adequate facts to support her claim.  Thus, Count Three is dismissed.

### d.  Count Four

Count Four asserts a claim for "Termination in Violation" of the LAD, and states that Plaintiff was "terminated for being out for a period of time after a motor vehicle accident."  Compl. ¶ 40.  Plaintiff appears to allege that she was retaliated for taking sick leave.  As discussed, to state a retaliation claim, a plaintiff must put forth a *prima facie* case showing that (1) she engaged in a protected activity; (2) she suffered an adverse employment action either after or contemporaneous with the protected activity; and (3) there is a causal connection between the two events.  *Delli Santi*, 88 F.3d at 198.  Viewing the Complaint in a light most favorable to Plaintiff, the Court concludes that Plaintiff states a retaliation claim in Count Four.  Taking a leave of absence for medical reasons can constitute a protected activity.  *See Boles v. Wal-Mart Stores, Inc.*, No. 12-1762, 2014 WL 1266216, at *8 (D.N.J. Mar. 26, 2014) (stating that "the requesting and taking of medical leave are protected activities under the NJLAD").  Next, being terminated clearly constitutes an adverse employment action.  Finally, Plaintiff's allegation that she was terminated the day she returned to work after leave is sufficient to establish a causal connection between the protected activity and the termination because of the suggestive temporal proximity.  *See Nusbaum v. CB Richard Ellis, Inc.*, 171 F. Supp. 2d 377, 388 (D.N.J. 2001) (concluding that the plaintiff who was terminated while on a leave of absence for medical reasons pled a *prima facie* retaliation claim under the LAD).

Plaintiff asserts her retaliation LAD claim in Count Four against SDA and Farrales.  As discussed, the LAD prohibits unlawful employment practices and discrimination by an *employer*. *Tarr*, 181 N.J. at 83.  An employer "includes one or more individuals, partnerships, associations, organizations, labor organizations, corporations, legal representatives, trustees in bankruptcy,

receivers, and fiduciaries." N.J.S.A. 10:5-5(a), (e). Here, Plaintiff only pleads that SDA is her employer. Compl. ¶ 5.

"[I]ndividual liability of a supervisor for acts of discrimination or for creating or maintaining a hostile environment can only arise through the aiding and abetting mechanism." *Cicchetti v. Morris Cty. Sheriff's Office*, 194 N.J. 563, 594 (2008). Pursuant to N.J.S.A. 10:5-12(e), it is unlawful "[f]or any person, whether an employer or employee . . . to aid, abet, incite, compel or coerce any of the acts forbidden under [the LAD]." To conclude that an individual person is liable under an aiding and abetting theory there must be "active and purposeful conduct." *Tarr*, 181 N.J. at 83. Specifically,

> a plaintiff must show that (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; and (3) the defendant must knowingly and substantially assist the principal violation.

*Id.* at 84 (quoting *Hurley v. Atl. City Police Dep't*, 174 F.3d 95, 127 (3d Cir. 1999)) (internal quotations marks and brackets omitted). Plaintiff pleads that Farrales gave "substantial assistance or encouragement to the unlawful conduct" of SDA. Compl. ¶ 41. But Plaintiff fails to plead any facts to support this conclusory allegation. As a result, Count Four is dismissed as to Farrales.

### e. Count Five

In Count Five, Plaintiff asserts a claim for religious discrimination. Compl. ¶¶ 44-49. Again, to plead a *prima facie* LAD discrimination claim, a plaintiff must allege that she (1) is a member of a designated protected class; (2) was qualified for and performing the essential functions of the job; (3) suffered termination or adverse employment action; and (4) others not in the protected class did not suffer similar adverse employment decisions. *Victor*, 203 N.J. at 408. Plaintiff alleges that she was terminated in part because of her religious beliefs, but fails to explain

her religious beliefs.  This allegation is, again, entirely conclusory.  In addition, even assuming that Plaintiff sufficiently pled she is in a protected class due to her religious beliefs, Plaintiff fails to allege that others outside of her protected class were treated differently.  As a result, Plaintiff fails to plead a *prima facie* claim for religious discrimination.  Count Five is also dismissed.

### f.   Counts Six and Seven

Plaintiff asserts a breach of contract claim in Count Six and a claim for breach of the implied covenant of good faith and fair dealing in Count Seven, which are both premised on SDA's "[e]mployee manual and the rules of the workplace."  Compl. ¶¶ 51-58.  "New Jersey law does recognize a cause of action for breach of contract against employers who fail to honor the express or implied promises made in an employee manual or handbook."  *Spence-Parker v. Del. River & Bay Auth.*, 616 F. Supp. 2d 509, 524 (D.N.J. 2009).  To state a breach of contract claim based on an employment manual, a plaintiff "must point to a provision that contains 'an express or implied promise concerning the terms and conditions of employment.'"  *Michaels v. BJ's Wholesale Club, Inc.*, No. 11-5657, 2014 WL 2805098, at *14 (D.N.J. June 19, 2014) (quoting *Witkowski v. Thomas J. Lipton, Inc.*, 136 N.J. 385, 393 (1994)).  Plaintiff does not point to any specific provisions of the employee manual.  Instead, Plaintiff merely alleges that a contract exists "because the document's plain language led her to reasonably believe that the company's policies . . . would be honored."  Compl. ¶ 51.  Again, Plaintiff fails to provide sufficient allegations to support her claim.  Consequently, Count Seven is dismissed.

"In the absence of a contract, there can be no breach of an implied covenant of good faith and fair dealing."  *Noye v. Hoffman-La Roche Inc.*, 238 N.J. Super. 430, 433 (App. Div. 1990).  Thus, because Plaintiff pleads insufficient facts to infer that the Employee Manual created an

express or implied contract, Plaintiff's breach of the implied covenant of good faith and fair dealing claim must also fail.  Count Seven, therefore, is also dismissed.

## IV.     CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint is dismissed for failure to comply with Federal Rule of Civil Procedure 15.  In addition, Defendants' motion to dismiss the Complaint is **GRANTED in part and DENIED in part**.  The dismissed claims are dismissed without prejudice and Plaintiff is provided with thirty (30) days to file an amended complaint that cures the deficiencies noted herein.  An appropriate Order accompanies this Opinion.

Dated:  July 28, 2020

John Michael Vazquez, U.S.D.J.