Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOAN SIMON, <br><br> *Plaintiff*, <br><br> v. <br><br> SAINT DOMINIC ACADEMY, et al., <br><br> *Defendants*. | Civil Action No. 19-cv-21271 <br><br> **OPINION** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Joan Simon alleges, among other things, that she was wrongfully terminated from her position at Defendant Saint Dominic Academy ("SDA") because of her age, disability, and whistleblowing activities. Presently pending before the Court is the motion by Defendants SDA and Guendolyn Farrales to dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 13. Plaintiff filed opposition, D.E. 17, to which Defendants replied, D.E. 18. The Court reviewed the submissions[1] and decides the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motion is **GRANTED.**

---

[1] Defendants' brief in support of their motion to dismiss, D.E. 13-1, is referred to as "Defs. Br."; Plaintiff's brief in opposition, D.E. 17, is referred to as "Plf. Opp."; and Defendants' reply, D.E. 18, is referred to as "Defs. Reply."

1

I.  **BACKGROUND AND PROCEDURAL HISTORY**

SDA is an "educational organization" in Jersey City and "is an asset of the Dominican Sisters of Caldwell" and "operates under the auspices of the Archiocese of Newark."[2] SAC ¶ 2. Plaintiff alleges that she was terminated from her employment with SDA on October 9, 2018, the day she returned from a leave of absence due to a motor vehicle accident. *Id.* ¶¶ 8, 11, D.E. 11. Prior to her termination, Plaintiff was the Chairperson of the Religious Department and Campus Minister at SDA. *Id.* ¶ 8. Plaintiff indicates that while employed, she made numerous complaints regarding "violations of the law and . . . educational process" at SDA. *Id.* ¶ 13. Plaintiff continues that she made these complaints to members of the SDA administration, including to Defendant Farrales, the Dean of SDA. *Id.* ¶¶ 13-14. Finally, Plaintiff claims that she was terminated at the direction of Farrales and other SDA administrators and was replaced by a younger employee, who was unqualified to replace Plaintiff. *Id.* ¶¶ 10, 15. Plaintiff's alleged replacement lacked a Theology Degree and did not have a teaching certificate. *Id.* ¶ 10.

Plaintiff filed her initial eight-count complaint against SDA and Farrales in the Superior Court of New Jersey. Plaintiff asserted claims under the New Jersey Law Against Discrimination ("LAD"), N.J. Stat. Ann. 10:5-1 *et seq.*; breach of the SDA Employee Manual and of the implied covenant of good faith and fair dealing; and under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* D.E. 1-1. Defendants removed the matter to this Court on December 11, 2019, asserting federal question jurisdiction due to Plaintiff's FMLA claim. *See* Notice of Removal ¶ 5, D.E. 1. Defendants subsequently filed a motion to dismiss on January 8, 2020,

---

[2] The factual background is taken from Plaintiff's Second Amended Complaint (the "SAC"). D.E. 11. When reviewing a Rule 12(b)(6) motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

seeking to dismiss Counts One through Seven of the Complaint pursuant to Rule 12(b)(6).[3] D.E. 3. On July 29, 2020, the Court granted in part and denied in part Defendants' motion. The Court provided Plaintiff thirty days to file an amended pleading that cured the identified deficiencies. D.E. 9.

Plaintiff filed the SAC on August 26, 2020. D.E. 11. The SAC asserts eleven counts[4]: Counts One through Five assert claims under LAD; Count Six asserts a claim under New Jersey Labor and Workman's Compensation Law, N.J. Stat. Ann. § 34:15-39 *et seq.*; Counts Seven, Ten and Eleven assert claims under the FMLA and New Jersey Family Leave Act ("NJFLA"), N.J. Admin. C. § 4A:6-1 *et seq.*; and Counts Eight and Nine assert claims for breach of the SDA Employee Manual and breach of the implied covenant of good faith and fair dealing, respectively. *Id*. Defendants subsequently filed the instant motion to dismiss. D.E. 13.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[3] Plaintiff did not oppose Defendants' motion to dismiss. Instead, on February 3, 2020, Plaintiff filed an Amended Complaint. D.E. 6. Because the amended pleading was not filed in accordance with Fed. R. Civ. P. 15(a) and because Plaintiff did not remedy this mistake after she was provided with an opportunity to do so, the Court disregarded Plaintiff's February 3 amended complaint. D.E. 9 at 1-2.

[4] Plaintiff asserts two "Sixth Counts" in the SAC. As a result, the Court refers to the claims in numerical order, rather than as titled in the SAC.

*Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210.

### III. ANALYSIS

Among other things, Defendants argue that a recent decision from the United States Supreme Court, *Our Lady of Guadalupe School v. Morrissey-Berru*, 140 S. Ct. 2049 (2020), requires this Court to dismiss the SAC in its entirety. Defs. Br. at 10-12. Plaintiff does not address this argument.

*Our Lady of Guadalupe* addressed the scope of the "ministerial exception" under the religion clauses of the First Amendment. The First Amendment provides, in relevant part, that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend. I. The exception bars claims that would entangle the State in a religious institution's employment of its ministers, or those "who perform[] particular spiritual functions on [the institution's] behalf." *Petruska v. Gannon Univ.*, 462 F.3d 294, 307 (3d Cir. 2006); *see also Hosanna-Tabor Evangelical Lutheran Church & Sch. v, E.E.O.C.*, 565 U.S. 171 (2012) (recognizing the ministerial exception under the First Amendment). Under the ministerial exception, "courts are bound to stay out of employment disputes involving those holding certain

4

important positions with churches and other religious institutions." *Our Lady of Guadalupe*, 140 S. Ct. at 2060.[5]

In *Our Lady of Guadalupe*, the Supreme Court determined that exception protects a religious institution's "autonomy with respect to internal management decisions that are essential to the institution's central mission." *Id*. An integral part of this autonomy is the religious institution's ability to hire individuals to fulfill "key" roles. The Supreme Court determined that the exception is not limited solely to ministers and encompasses individuals who educate students in the applicable faith, as this is a "vital religious duty" for many faiths. *Id*. at 2060, 2066. Thus, to determine whether the exception applies, courts should not use any "rigid formula" but should instead "take all relevant circumstances into account and to determine whether each particular person implicated the fundamental purpose of the exception." *Id.* at 2067. As a result, the Supreme Court determined that two primary school teachers who taught all subjects, including religion, qualified for the exception because they performed vital religious duties by educating children in the Catholic faith. *Id.* at 2056-59, 66.

As pled, Plaintiff falls into the ministerial exception as set forth in *Our Lady of Guadalupe*. Plaintiff was Chairperson of the Religion Department and Campus Minister. SAC ¶ 8. Further, she identifies herself as an "experienced professional with over four decades" of theology teaching experience and has a master's degree in Theology. *Id*. ¶ 12. Accordingly, Plaintiff performed a vital religious duty—teaching and promoting the Catholic faith to students. In fact, as Campus Minister her duties appear to fit squarely within the ministerial exception.

---

[5] The ministerial exception is "an affirmative defense to an otherwise cognizable claim, not a jurisdictional bar." *Hosanna-Tabor*, 565 U.S. at 709 n.4.

"[T]he 'ministerial exception' [applies] to laws governing the employment relationship." *Our Lady of Guadalupe*, 140 S. Ct. at 2055. This includes statutory employment discrimination claims. *Hosanna-Tabor Evangelical Lutheran Church & Sch.*, 565 U.S. at 188; *see also Melendez v. Kourounis*, No. A-0744-16T1, 2017 WL 6347622, at *4 (N.J. Sup. Ct., App. Div. Dec. 13, 2017) ("Courts may consider LAD claims against religious institutions 'only when the underlying dispute does not turn on doctrine or polity.'" (quoting *Gallo v. Salesian Soc'y*, 290 N.J. Super. 616, 631 (N.J. Sup. Ct., App. Div. 1996)) (internal brackets omitted); *Fassl v. Our Lady of Perpetual Hope Roman Catholic Church*, No. 05-404, 2005 WL 2455253, *7 (E.D. Pa. 2005) (applying the ministerial exception to FMLA claim because "the Court finds no logic or legal argument to distinguish the Free Exercise Clause principle upon which the 'ministerial exception' is based with regard to an application of that rule to some laws proscribing employment discrimination but not to others"). As a result, Plaintiff's LAD, FMLA, NJFLA and worker's compensation claims are dismissed. Again, Plaintiff's allegations fit squarely into the ministerial exception because she alleges that she was wrongfully terminated and not reinstated to her position after leave.

The exception also applies to certain contract-based claims. Specifically, a court can only decide contractual claims that "'turn[] on a question devoid of doctrinal implications' and 'employ neutral principles of law to adjudicate.'" *Lee v. Sixth Mount Zion Baptist Church of Pittsburgh*, 903 F.3d 113 (3d Cir. 2018) (quoting *Askew v. Trs. of Gen. Assembly Rweyemamu v. Cote*, 520 F.3d 198, 207 (2d Cir. 2008)). Here, Plaintiff pleads that her employment contract with SDA provided her with "job security" and that SDA breached the employment contract when Plaintiff was terminated without cause. SAC ¶ 63. Plaintiff also alleges that SDA breached the employment contract, including the implied covenant of good faith and fair dealing, because it failed to "look after [Plaintiff's] interest" or make a good faith effort to accommodate Plaintiff. *Id.* ¶¶ 64, 69-70.

Finally, Plaintiff pleads that she was replaced by a younger individual who was not qualified to teach religion. *Id.* ¶ 15. Like the statutory claims, Plaintiff's allegations regarding SDA's breaches of the employment contract will require the Court to second guess SDA's decision to terminate a minister, which is precisely what the ministerial exception is intended to prohibit and will necessarily entangle the Court in internal church governance. *See Hosanna-Tabor*, 565 U.S. at 194-95 ("The exception ensures that the authority to select and control who will minister to the faithful—a matter 'strictly ecclesiastical'—is the church's alone." (quoting *Kedroff*, 344 U.S. at 119)). Accordingly, Plaintiff's contract-based claims are also barred by the ministerial exception.[6]

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss, D.E. 13, is **GRANTED**. The dismissal is without prejudice and Plaintiff shall have thirty (30) days to file an amended complaint that cures the deficiencies noted herein. If Plaintiff does not file an amended pleading within that time, the matter will be dismissed with prejudice. An appropriate Order accompanies this Opinion.

Dated: April 28, 2021

                                                  John Michael Vazquez, U.S.D.J.

---

[6] Because the SAC is dismissed in its entirety based on the ministerial exception, the Court does not address Defendants' remaining arguments for dismissal.

7