**Law Offices of Genesis A. Peduto**
**Suzy Yengo, Esq., of counsel (018041999)**
**8512 Kennedy Boulevard**
**North Bergen, New Jersey 07047**
**Tel. 201-868-2240**
**gpedutoesq@aol.com; suzyroseesq@aol.com**
**Attorney for the Plaintiff Joan Simon**

---

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY- NEWARK

---

| | | |
|---|---|---|
| **JOAN SIMON** | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | Civil No.  19CV21271 (JMF/MF) |
| | § | |
| **SAINT DOMINIC ACADEMY;    and** | § | |
| **GUENDOLYN FERRALES Individually;** | § | |
| **JANE DOES 1-5 (fictitious individuals)** | § | |
| | § | |
| **Defendants** | § | |

---

### PLAINTIFF SIMON'S SECOND AMENDED COMPLAINT

COMES NOW THE PLAINTIFF JOAN SIMON  and files the Second Amended Complaint per Fed.R.Civ.P.15 after Removal by Defendants from State of New Jersey, Superior Court, Hudson Vicinage (HUD-L-004248-19).   This Amended Complaint is filed in compliance with Order (DE#19) dated April 28, 2021.

1

Plaintiff JOAN SIMON, by way of Second Amended Complaint against Defendants, says the following:

## 1. PARTIES

1. Plaintiff Joan Simon is an individual residing in the State of New Jersey. Plaintiff Simon is not a minister, a member of the clergy, nor does/did she engage in any ministerial and ecclesiastical acts on behalf of her former employer.

2. Upon information and belief, Defendant Guendolyn Ferrales is an individual who resides within the State of New Jersey; she is currently the Dean for the Defendant Saint Dominic Academy. Defendant Saint Dominic Academy is a private college-preparatory for girls seventh through twelfth grades with a principal place of business at 2572 Kennedy Boulevard, County of Hudson, State of New Jersey 07304. It is one of the oldest independent secondary schools in New Jersey. Students of all and no denominations are invited to attend the school.

3. The fictitious individuals Jane Does 1-5 are unknown individuals who Plaintiff believes may have participated and conspired in with the illegal acts of Defendant Farrales and Defendant Saint Dominic Academy.

## 2. JURISDICTION & VENUE

4. All actions alleged herein occurred and transpired in County of Hudson and this vicinage is the proper venue. In October 2019 the Complaint (HUD-L-004248-19) was filed in State Court; the Summons with Complaint was served on November 11, 2019. The Notice of Removal pursuant to the 28 U.S.C. §1441 was filed December 11, 2019 (DE#1).

5. The U.S. District Court's jurisdiction is invoked under 28 U.S.C. §1331, §1343 (a)(4) and 29 USC §2617.

6. The Court has supplemental jurisdiction over Plaintiff Simon's state law causes of action under 28 U.S.C. §1367(a).

7. The unlawful employment practices described herein were committed in the District of New Jersey. Accordingly, venue lies within this District per 28 U.S.C. §1391(b)(1) and/or (b)(2).

### 3.   FACTUAL BACKGROUND

8. Until October 9, 2018 termination Plaintiff was an employee of Defendant Saint Dominic Academy; Plaintiff Simon held the position of teacher; Plaintiff Simon was not a member of the clergy nor a minister; she did not perform ecclesiastical acts. Further, Plaintiff Simon never held herself out as a religious nor claimed any special tax allowances or incentives as she was not exempt as a minister. Plaintiff Simon taught; she was and is an educator.

9. At the time of her illegal and unlawful termination, Defendant Guendolyn Farrales was the Dean of the Defendant Saint Dominic Academy; she along with several other administrators, lacked the proper credentials to hold their positions either by credentialing mandates, Diocese requirements, or accreditation requirements. Defendant Farrales continues in that position.

10. Plaintiff Joan Simon was replaced in the classroom position by an individual, under the age of 30; upon information and belief age 23 at time of the termination, without a teaching certification, and without any experience. No disclosure was made to the Parents of the Students of this non-credentialed teacher entering the classroom.

11. Immediate prior to the termination, Plaintiff Simon's father-in-law had died the evening prior. Plaintiff Simon was terminated without due process which typically includes written advisement, discussion, perhaps a hearing, and demonstration of good cause. There is an employee handbook that was not followed. The Defendants took no actions to detect violations of the policy or handbook of the Defendant Academy had been effectuated by other similar

3

situated employees of the Defendant Academy.  The pretext for termination allegedly dated back to September 10, 2018.   Termination was made the day Plaintiff Simon returned from sick leave after she had been involved in a motor vehicle accident.

12. Plaintiff Simon is an experienced professional with over four decades of being an educator, specifically in teaching theology, and overseeing the Religion Department and Campus Ministry for Defendant Saint Dominic.  Plaintiff Simon has a Masters in Theology and a Masters in Educational Administration along with a New Jersey Principal's license. Plaintiff Simon was replaced by a person with an English Degree, on the promise of employment in 2019-2020.

13. Plaintiff Simon had frequently made violations of the law and violations of educational process known to the Defendant Academy's Administration.  Those violations included, but not limited to, as permitted by Sarah Degnan and refused by Sister Marylou Bauman, as permitted by Sarah Degnan:

- Defendant Saint Dominic Academy failed to conduct monthly fire drills;
- Defendant Saint Dominic Academy failed and refused to include "Lock Down Procedures" for the student body;
- Students' medical records are not kept up-to-date;
- Students were left unattended throughout the school day and after school;
- Students are left after school, as Administrators leave the grounds when the students complete their academic schedule. Sports meetings are held after school without coaches being there; Students go to Lincoln Park without supervision;
- Drug use in the building has been observed; the Administration was advised. When Plaintiff Simon divulged this information to Sister Marylou Bauman, the latter stated, "there were not any drugs used and to mind your own business." Plaintiff Simon observed students coming to school high on coke and marijuana.
- Sister Marylou Bauman refused to take action on Bullying Complaints.  Sister refused to address the student responsible for bullying, while the victim stayed out of school for an extended period of time;

- Sister Marylou Bauman went on the PA System and described the female students as "whores" for wearing their uniforms too short, as a neighbor complained to the school. The upset students were greeting each other the next day, "Hi, Whore!" To demonstrate the farcical nature of their acts, the Administration called an Assembly the next day and told the students, "Sister never said that."
- Sister Marylou Bauman demeaned the President of the Student Council by making her get on her hands and knees to clean up spilled coffee. The Student's Parents were furious and when complaining to the Head of School, they were told to "take it further if they wish, " as nothing was done to Sr. Bauman.

- The Defendant Administration lacks credentials for their positions coupled with the Defendants failure to adhere to their own policies, demonstrates the unconstitutional acts of discrimination and retaliation carried out by the Defendants:

    -Head of School Sarah Degnan has an Administration Degree but no Principal's License;

    -Not one Administrator has their credentials for the State of New Jersey;

    -Academic Dean, Individual Defendant Guendolyn Ferrales, has a Bachelor's Degree from the Philippines. She does not have the Master's Degree that is required on her position;

    -Sr. Marylou Bauman does not have a Master in Administration, only in Guidance and English;
    - Director of Admissions has a Bachelor's Degree in Early Childhood;

- Defendant Saint Dominic Administration does not observe Confidentiality and Privacy Act rights as they have discussed termination of Plaintiff Simon, Lori Palmeri, Jim German, and Chris Kempt publicly and openly;

5

- Sr. Marylou Bauman maintains her own finance account, in which money raised by the Students was improperly taken by Sr. Bauman for uses other than intended. Plaintiff Simon brought this to the attention of Head of School. Sr. Bauman refused to deliver funds to the Finance Department.
- Head of School Sarah Degnan has taken her minor daughter on class trips, including overnights, for which the minor daughter is taking a seat of student that was not permitted to go/attend;
- Most faculty members are not Certified in their subject area. This is not disclosed to Parents who remit tuition for subject matter experts;
- Defendant Saint Dominic Academy refuses to comply with the 180 days of school requirement of the State of New Jersey.

14. Likewise, during her tenure as a department chairperson Plaintiff Simon made the aforementioned incidents known to the Defendant SDA and the Individual Defendant Farrales, as well as other administrators of SDA.

15. On October 9, 2018, Defendant Saint Dominic Academy unlawfully and illegally terminated Plaintiff Simon's employment at the direction of Defendant Sarah Degnan, Head of School with Guendolyn Farrales, and Sharon Buge (Administrators in attendance), Defendant Saint Dominic Academy, with the assistance and conspiring by Sr. Marylou Bauman. Plaintiff Simon was replaced in the classroom by an individual without a teaching certification, younger in age (23), and unqualified to teach the classes and instruction previously assigned to Plaintiff Simon. This tangible employment action had nothing to do with Plaintiff Simon's performance.

16. Defendant SDA and individual defendants must adhere to complying with neutral civil laws of general applicability; they have failed to do so. The defendants receive and benefit from no immunity of such laws broken in this lawsuit. Nothing Plaintiff Simon did burdened any religious practice of SDA. Plaintiff Simon is a member of protected classes: age, disability, and protected activity of FMLA, and NJFLA. Defendants' asserted reasons for

termination in firing Plaintiff Simon were pretextual. The termination was not based on performance issues. Individual Defendants never investigated nor questioned any other employees if they violated the employee handbook or SDA policies.

### 4. CAUSES OF ACTIONS

### FIRST COUNT

**(New Jersey Law Against Discrimination,
N.J.S.A. 10:5-1 to -42 – Age Discrimination)**

17. Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

18. N.J.S.A. §10:5-12d prohibits an employer from retaliating against a person because she opposes a practice or action that is unlawful under the New Jersey Law Against Discrimination ("NJLAD").

19. Plaintiff Simon's complaint continued caring about the Academy and the complaints of how she was being treated based on her age, constituted protected activity.

20. Thereafter, as a result of the protected activity, Defendant Saint Dominic Academy, Defendant Farrales, Defendant Sarah Degnan, and others unlawfully retaliated against Plaintiff Simon in violation of NJLAD.

21. Said retaliation included, *inter alia*, creating a hostile work environment, denying benefits under the employment agreement, employee handbook, and contract, and thereafter terminating her employment on October 9, 2018. Plaintiff Simon was replaced by a younger employee (age 23), who lacked credentials to even teach. This tangible employment action had nothing to do with Plaintiff Simon's performance.

22. Defendant SDA's conduct was egregious, willful and wanton and in reckless disregard of Plaintiff Simon's rights, and involved the participation of Defendant Saint Dominic Academy's Upper Management, thereby warranting an award of punitive damages.

23. In taking actions that she knew were a breach of SDA's duty under NJLAD, and knowingly giving substantial assistance or encouragement to the unlawful conduct of their employer, Defendant Farrales and Defendant Sarah Degnan are individually liable under NJLAD.

24. As a result of the Defendants' unlawful conduct, Plaintiff Simon suffered economic damages including loss of income and benefits and also suffered emotional distress.

**WHEREFORE**, Plaintiff Simon demands that judgment be entered against Defendants SDA, Defendant Sarah Degnan, and Defendant Farrales awarding her compensatory damages, inclusive of front and back pay, emotional distress damages; punitive damages; reasonable attorney's fees and expenses pursuant to N.J.S.A. § 10:5-27.1 and any other relief the Court deems proper and just.

### SECOND COUNT
**(New Jersey Law Against Discrimination,
N.J.S.A. 10:5-1 to -42 – Disability Discrimination)**

25. Plaintiff Simon hereby repeats and realleges all of the allegations set forth above as if set forth at length herein.

26. Plaintiff Simon suffered from disabling conditions that with an accommodation could, and did, perform the functions of her position and profession. Defendant SDA ignored their requirements of the law, and failed to accommodate Plaintiff Simon.

27. Defendant Saint Dominic Academy termination Plaintiff Simon's employment constituted an unlawful employment action in violation of NJLAD. This tangible employment action had nothing to do with Plaintiff Simon's performance.

28. In taking actions that they knew were a breach of Defendant Saint Dominic Academy's duty under NJLAD, and knowingly giving substantial assistance or encouragement to the unlawful conduct of her employer, Defendant Guendolyn Farrales, and Defendant Sarah Degnan are individually liable under NJLAD.

29. As a direct and proximate result of Defendants' discriminatory actions, Plaintiff Simon has suffered economic and emotional damages.

30. Because of the involvement of members of upper management, Defendants are liable for punitive damages.

WHEREFORE, Plaintiff Simon demands that a judgment be entered against Defendants SDA, Defendant Sarah Degnan, and Defendant Farrales awarding i) compensatory and punitive damages; ii) reasonable attorney's fees and expenses pursuant to N.J.S.A. § 10:5-27.1; and iii) such other relief as this Court deems just and proper.

### THIRD COUNT
### (New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -42 – Hostile Work Environment)

31. Plaintiff Simon hereby repeats and realleges all of the allegations set forth above as if set forth at length herein.

32. NJLAD prohibits creation of a hostile work environment through harassment.

33. The harassment to which Plaintiff Simon was subjected, as further described in paragraphs above, was sufficiently severe or pervasive that a reasonable person would have deemed it to be hostile, abusive, intimidating, or offensive.

34. This harassment would not have occurred but for Plaintiff's Simon's age.

35. The aforementioned constituted a hostile work environment.

36.     Because they delegated to Defendant Farrales, and Defendant Sarah Degnan the authority to control Plaintiff Simon's working environment, and Defendant Saint Dominic Academy abused that authority to create a hostile work environment, Defendant Saint Dominic Academy may be held liable.

37.     Although Plaintiff complained to her direct supervisor as well as to the Defendant Farrales, Defendant Sarah Degnan, Defendant Saint Dominic Academy did not take appropriate measures.

38.     In addition, Defendant Saint Dominic Academy was negligent in combating the creation of a hostile work environment by, inter alia¸ failing to maintain effective sensing or monitoring mechanisms to check the trustworthiness of its policies and complaint structures.

39.     This failure to maintain effective sensing or monitoring mechanisms is evidenced by, inter alia, both Defendant Farrales, Defendant Sarah Degnan, and Sr. Marylou Bauman previous inappropriate conduct toward other SDA employees, as well Plaintiff Joan Simon directly.

40.     As evidenced by, inter alia, the open and notorious manner in which Defendant SDA's Administrators conducted their "pursuit" of Plaintiff JOAN SIMON and the inappropriate conduct Defendant Farrales, Defendant Saint Dominic Academy failed to demonstrate an unequivocal commitment from its highest levels that harassment will not be tolerated.

41.     Defendants' above-described actions constitute unlawful employment actions in violation of NJLAD including, inter alia, N.J.S.A. § 10:5-12a.

42.     In taking actions that she knew were a breach of Defendant Sarah Degnan and Defendant Farrales' duty under NJLAD, and knowingly giving substantial assistance or encouragement to the unlawful conduct of her employer, Defendant Farrales and Defendant Sarah Degnan are individually liable under NJLAD.

43. As a direct and proximate result of Defendants' discriminatory actions, Plaintiff Simon has suffered economic and emotional damages.

44. Because of the involvement of members of upper management of the academy, Defendants are liable for punitive damages.

WHEREFORE, Plaintiff JOAN SIMON demands that a judgment be entered against Defendants SDA, Defendant Sarah Degnan, and Defendant Guendolyn Farrales awarding i) compensatory and punitive damages; ii) reasonable attorney's fees and expenses pursuant to N.J.S.A. § 10:5-27.1; and iii) such other relief as this Court deems just and proper.

### FOURTH COUNT
**(Termination in Violation of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, et seq.)**

45. Plaintiff Simon repeats and re-alleges each and every prior allegation as if set forth at length herein.

46. Defendant SDA never articulated reasons for terminating Plaintiff's employment—that she was returning from sick leave-- was a pretext.  In fact, Plaintiff Simon was terminated for being out for a period of time after a motor vehicle accident.  Plaintiff was terminated on October 9, 2018 without warning, and after her father-in-law had died a night previous.  Defendants never stated their reasons were ministerial.  Defendants never took any actions to detect whether any of its other employees violated or breached the SDA handbook.  In fact, none of the specific statements in the handbook was ever identified as being violated and thus the reason for the termination; it did not exist. This tangible employment action had nothing to do with Plaintiff Simon's performance.

47.     In taking actions that they knew were a breach of SDA's duty under NJLAD, and knowingly giving substantial assistance or encouragement to the unlawful conduct of their employer, Defendant Farrales and Defendant Sarah Degnan are individually liable under NJLAD.

48.     Defendants' conduct was egregious, willful and wanton and in reckless disregard of Plaintiff's rights for which punitive damages are appropriate, and involved Defendant Saint Dominic Academy's upper management participation.

49.     As a result of the Defendants' unlawful conduct, Plaintiff Simon suffered economic damages including loss of income and benefits and emotional distress.

   WHEREFORE, Plaintiff Simon demands judgment against Defendants SDA and Defendant Farrales awarding her compensatory damages, inclusive of front and back pay; emotional distress damages; punitive damages; reasonable attorney's fees and expenses pursuant to N.J.S.A. § 10:5-27.1 and such other relief and damages the Court deems proper and just.

**FIFTH COUNT**
**(Differential Treatment in Violation of the New Jersey**
**Law Against Discrimination, N.J.S.A. 10:5-1, et seq., Religious Discrimination)**

50.     Plaintiff repeats and re-alleges each and every prior allegation as if set forth at length herein.

51.     Defendant Saint Dominic Academy's failure to maintain employment of Plaintiff Simon was, in whole or in part, due to her religious beliefs; those beliefs are consistent with the Roman Catholic Church (a belief system the Defendant Academy seems to be diverging away).

52.     Defendant SDA through their administrators treated Plaintiff Simon differently based upon her fervent religious beliefs. Segregating Plaintiff Simon from usual department chairs' meetings, responsibilities, and input to the Defendant SDA curriculum.

53. In taking actions that they knew were a breach of Defendant Saint Dominic Academy's duty under NJLAD, and knowingly giving substantial assistance or encouragement to the unlawful conduct of their employer, Defendant Sarah Degnan, and Defendant Farrales are individually liable under NJLAD.

54. Defendants' conduct was egregious, willful and wanton and in reckless disregard of Plaintiff's rights for which punitive damages are appropriate, and involved SDA's Upper Management participation.

55. As a result of the Defendants' unlawful conduct, Plaintiff Simon suffered economic damages including loss of income and benefits and also suffered emotional distress.

WHEREFORE, Plaintiff Simon demands judgment against Defendants SDA and Defendant Guendolyn Farrales awarding her compensatory damages, inclusive of front and back pay; emotional distress damages; punitive damages; reasonable attorney's fees and expenses pursuant to N.J.S.A. § 10:5-27.1 and such other relief and damages the Court deems proper and just.

## SIXTH COUNT

### Violations of N.J.S.A. §34:15-39.1:, et seq

56. Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

57. Under the N.J.S.A. § 34:15-39, et seq., Defendant was required to restore Plaintiff Simon "to the position of employment held" when she left for leave, or to "an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment."

58. Defendant violated §34:15-39, et seq. when it terminated Plaintiff Simon upon her return to work following leave. This tangible employment action had nothing to do with Plaintiff Simon's performance.

WHEREFORE, Plaintiff Simon demands judgment against the defendant Saint Dominic Academy, Defendant Sarah Degnan, and Defendant Farrales for damages, together with interest and costs of suit.

## SIXTH COUNT

### Family Medical Leave Act, 29 U.S.C. §2601, et seq. Violations

59.     Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

60.     Under the FMLA, 29 U.S.C. §2601, et seq. Defendant SDA was required to restore Plaintiff "to the position of employment held" when she left for leave, or to "an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment."

61.     Defendant SDA violated FMLA when it terminated Plaintiff upon her return to work following leave. The U.S. Department of Labor's Wage and Hour Division (WHD) has promulgated additional rules and procedures for determining who is entitled to leave. See 29 U.S.C. § 2611 et seq., 29 C.F.R. Part 825. Employers cannot interfere with the rights guaranteed by the FMLA, and they may be liable to aggrieved employees for damages if they do. 29 U.S.C. §§ 2615, 2617.   This tangible employment action had nothing to do with Plaintiff Simon's performance.

62.  As a direct and proximate result of Defendant SDAs' actions Plaintiff Simon suffered injuries and damages.

WHEREFORE, Plaintiff JOAN SIMON demands judgment against Defendant Saint Dominic Academy on this Cause of Action and seeks the following relief: (i) compensatory and punitive damages; (ii) pre-judgment interest; (iii) reinstatement with back pay; and (iv) such other relief as this Court deems just and proper.

## SEVENTH COUNT

### SAINT DOMINIC ACADEMY—Breach of Contract

63.     Plaintiff hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

64.     The Employee Manual and the rules of the workplace, as described supra, created a contract between Plaintiff Simon and Defendant Saint Dominic Academy because the document's plain language led her to reasonably believe that the company's policies regarding, inter alia, job security would be honored and therefore obviate the need be harassed and subject to a hostile work environment.

65.     In firing Plaintiff Simon without just cause and failing to inform Plaintiff Simon of her statutory rights under the leave requirements Defendant Saint Dominic Academy failed to discharge its contractual duties as set forth in the Manual.  Similarly, Defendant SDA committed an additional breach when, in contravention of the Manual's mandate, it failed to "to look after JOAN SIMON's interests" and make a good faith effort to accommodate JOAN SIMON after she suffered the aforementioned disabling conditions.   This tangible employment action had nothing to do with Plaintiff Simon's performance.

66.     Due to these stated breaches of contract, plaintiff was damaged.

**WHEREFORE**, Plaintiff JOAN SIMON demands judgment against Defendant Saint Dominic Academy on the Cause of Action and seeks the following relief: (i) compensatory damages; (ii) pre-judgment interest; and (iii) such other relief as this Court deems just and proper.

## EIGHTH  COUNT

### Breach of the Implied Covenant of Good Faith and Fair Dealing

67. Plaintiff Simon hereby repeats and realleges all of the allegations set forth above as if set forth at length herein.

68. Under New Jersey law, all contracts contain an implied covenant of good faith and fair dealing ("the Implied Covenant").

69. Under the Implied Covenant, neither party may do anything that will thwart the other party's expectation or purpose under the contract and/or deprive that party of the benefit of the contract.

70. In terminating Plaintiff Simon notwithstanding its knowledge that good cause for discharge did not exist, in failing to inform her of her statutory rights for leave, and in neglecting to make a bona fide attempt to accommodate Plaintiff Simon disabling condition(s), Defendant Saint Dominic Academy breached the Implied Covenant. This tangible employment action had nothing to do with Plaintiff Simon's performance.

71. As a direct and proximate result of Defendant Saint Dominic Academy's breach of the Implied Covenant, Plaintiff Simon has been damaged.

**WHEREFORE**, Plaintiff JOAN SIMON demands judgment against Defendant Saint Dominic Academy on this Cause of Action and seeks the following relief: (i) compensatory and punitive damages; (ii) pre-judgment interest; (iii) reinstatement with back pay; and (iv) such other relief as this Court deems just and proper.

## NINTH COUNT
### RETALIATION FOR TAKING INTERMITTENT FMLA

72. Plaintiff Simon hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

73.     Defendant SDA, an employer under the federal statute is na employer within the meaning of the FMLA.

74.     Plaintiff is an "eligible employee," as that term is defined under the FLMA.

75.     As set forth herein Defendants retaliated against Plaintiff Joan Simon for taking multiple, intermittent leave to care for herself and the family member.

76.     Plaintiff  Simon's use of the leave was a determinative factor in terminating Plaintiff Simon.  Defendants' actions were willful, as that term is defined under FMLA, 28 U.S.C. 2611, et seq.

77.     Plaintiff Simon's employment was not reinstated, even after she requested reinstatement. As a  result of the Defendants' actions she suffered a loss of income, benefits, and additional damages.

78.     Defendants' actions taken against Plaintiff Simon were willful, as the term is defined under the FMLA.

**WHEREFORE**, Plaintiff JOAN SIMON demands judgment against Defendant Saint Dominic Academy on this Cause of Action and seeks the following relief: (i) compensatory and punitive damages; (ii) pre-judgment interest; (iii) reinstatement with back pay; and (iv) such other relief as this Court deems just and proper.

## **TENTH COUNT**
Violations of the New Jersey Family Leave Act, N.J.S.A. 4A:6-1, et seq.

79.     Plaintiff Simon hereby repeats and re-alleges all of the allegations set forth above as if set forth at length herein.

80. Defendant SDA is subject to the Family Leave Act. Plaintiff Simon was such one employee covered under the FLA.

81. Plaintiff Simon's circumstances warranted leave as there were serious health conditions of a parent.

82. Upon return from family leave the employer failed to reinstate Plaintiff Simon to her position or a position that was comparable in terms of pay, seniority, benefits, and other terms and conditions of employment.

83. Under the statutory violations of the FLA, equitable remedies and compensatory damages are available, as well as punitive damages up to $10,000.00.

84. **WHEREFORE**, Plaintiff JOAN SIMON demands judgment against Defendant Saint Dominic Academy on this Cause of Action and seeks the following relief: (i) compensatory and punitive damages; (ii) pre-judgment interest; (iii) reinstatement with back pay; and (iv) such other relief as this Court deems just and proper.

## V.  PRAYER

85. WHEREFORE, Plaintiff Simon, requests judgment against Defendants, Saint Dominic Academy, and Defendant Gwendolyn Farrales:

    a. Re-establishment of her employment with the Defendant SDA with backpay and interest. Presentation of a workplace free from hostility, age harassment, retaliation from co-workers, supervisors, and management;

    b. Compensatory damages to compensate for the humiliation, embarrassment, mental anguish and emotional distress Plaintiff endured both at work and outside of work, in the amount of $350,000.00.  Punitive damages in an amount set by jury;

c. Damages for loss of income, back pay, front pay, pension contributions, out of pocket expenses;

d. Attorney's fees, costs and expenses incurred as a result of the Defendants' acts, as provided for by NJLAD, and other applicable federal statutes;

e. Any and all other general or specific relief, both at law and in equity, to which Plaintiff may be justly entitled;

## VI. JURY DEMAND

Plaintiff JOAN SIMON demands trial by jury on all claims and issues so triable.

## VII. DESIGNATION OF TRIAL COUNSEL

Suzy Yengo is hereby designated as trial counsel.

Respectfully submitted,

**LAW OFFICES OF GENESIS A. PEDUTO**
8512 Kennedy Boulevard
North Bergen, New Jersey 07047
*Attorneys for Plaintiff*

*Suzy R. Yengo, Esq. /s/*

By _____

SUZY R. YENGO, ESQ, of counsel.

Dated: May 28, 2021