UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

JOAN SIMON,

        Plaintiff,

vs.

SAINT DOMINIC ACADEMY,
GUENDOLYN FARRALES and
JOHN DOES 1-3,

        Defendants.

Civil Action No.: 2:19-cv-21271-JMV-MF

Motion Date: August 16, 2021
Oral Argument Requested

---

### MEMORANDUM OF LAW IN REPLY ON DEFENDANTS SAINT DOMINIC ACADEMY'S AND GUENDOLYN FARRALES'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

---

James K. Webber
WEBBER MCGILL LLC
760 Route 10, Suite 104
Whippany, NJ 07981
(973) 739-9559
jwebber@webbermcgill.com

*Attorneys for Defendants Saint Dominic Academy and Guendolyn Farrales*

Dated: August 9, 2021

## INTRODUCTION

Defendants Saint Dominic Academy ("SDA") and Guendolyn Farrales ("Defendants") submit this reply brief in support of their motion to dismiss the entirety of the Second Amended Complaint filed by Plaintiff Joan Simon ("Plaintiff"). This marks the third time Defendants have moved to dismiss Plaintiff's claims. This is also the third time Plaintiff fails to meet Defendants' arguments in support of their Motion to Dismiss, and the third time that it is painfully obvious that Plaintiff's complaint simply is not viable. The Court was correct to dismiss Plaintiff's Amended Complaint in its entirety on April 28, 2021. For the reasons stated in the Court's Opinion of that date, those mentioned below, and those explained in Defendants' moving papers, Defendants respectfully request that Plaintiff's Second Amended Complaint be dismissed in its entirety, and this time with prejudice, lest the parties engage in yet a fourth round of motions and briefing on the matter.

## ARGUMENT

In opposition to Defendant's pending motion, Plaintiff offers a series of non-sequiturs or other irrelevant factual assertions that only serve to highlight the weakness of Plaintiff's claims. For example, Plaintiff suggests that Plaintiff made certain "non-ministerial complaints" to SDA. Plaintiff's Brief at 1-2. Defendants do not know how Plaintiff defines "non-ministerial complaint," but the issue is irrelevant. Under the ministerial exception provided by the First Amendment to the United States Constitution, and described in <u>Our Lady of Guadalupe v. Morrissey-Beru</u>, 140 S. Ct. 2049 (2020), the only relevant consideration is the status and mission of the employee. The reason an employer terminates a minister does not matter; an employer could terminate a covered employee for a good reason, a bad reason, or no reason at all. The point of the ministerial exception is that the First Amendment permits a religious organization to

make critical employment decisions that affect the organization's core religious purpose without interference from the government, because the organization's "autonomy with respect to internal management decisions that are essential to the institution's central mission" is vitally important.[1] Id. at 2060.

Moreover, Plaintiff's suggestion that Defendants argue for some sort of "jurisdictional bar" to Plaintiff's claims is also mistaken. Plaintiff's Brief at 10. Defendants do not challenge the Court's jurisdiction over this matter; indeed, Defendants removed the matter to this Court in the first place. Defendants contend that this Court has jurisdiction over Plaintiff's this matter, and it should exercise that jurisdiction to dismiss the claims now because they are meritless. Defendants' arguments are substantive, not procedural, and the fact is Plaintiff cannot state a legitimate, substantive reason for the Second Amended Complaint to survive.

Another odd argument Plaintiff makes, in somewhat threatening tones, regards SDA's need for filing certain tax documents to establish Plaintiff's status as a minister. Id. at 12. Our Lady of Guadalupe requires no such proof to determine who is covered by the ministerial exception. The analysis to determine who is covered by the exception is broad and contextual: a court must take "all relevant circumstances into account . . . to determine whether each particular person implicated the fundamental purpose of the exception." Our Lady of Guadalupe, 140 S. Ct. at 2067. No discovery of tax documents will alter Plaintiff's status as a teacher of Theology, the chair of the Religion Department, and a campus minister whom SDA fired, and who has no recourse to the causes of action Plaintiff cites in the Second Amended Complaint.

---

[1] In furtherance of Plaintiff's "non-ministerial" storyline, Plaintiff makes bald, conclusory assertions about her not being a minister. Plaintiff's Br. at 12. But in the next breath, Plaintiff concedes she was a Theology teacher overseeing the Religion Department of SDA and a campus minister. Id. at 13-14. Plaintiff's argument is confused, and has been from the beginning.

To be clear, SDA does not claim a blanket exception from all employment laws and protections, as Plaintiff argues. Plaintiff's Br. at 12. Defendants simply argue that, given the factual context Plaintiff herself provides in Plaintiff's Second Amended Complaint, the ministerial exception bars Plaintiff's claims from moving forward. The Court has agreed with Defendants before, and Defendants respectfully suggest that Plaintiff has offered nothing in Plaintiff's new pleading, or Plaintiff's opposition to this motion, that would justify a different outcome.[2]

## CONCLUSION

For the foregoing reasons, Defendants Saint Dominic Academy and Guendolyn Farrales respectfully request that Plaintiff's Second Amended Complaint be dismissed in its entirety and with prejudice.

/s James K. Webber
James K. Webber
WEBBER MCGILL LLC
760 Route 10, Suite 104
Whippany, NJ 07981
(973) 739-9559
jwebber@webbermcgill.com
*Attorneys for Defendants Saint Dominic Academy and Guendolyn Farrales*

Dated: August 9, 2021

---

[2] In their moving papers, Defendants make several other valid arguments for why the Second Amended Complaint should not survive the present motion. The Court need not reach those arguments, but if it does, Defendants respectfully submit that Plaintiff has not managed a credible opposition to them.

3