**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JOAN SIMON,

    *Plaintiff*,

v.

SAINT DOMINIC ACADEMY, et al.,

    *Defendants*.

Civil Action No. 19-cv-21271

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    Plaintiff Joan Simon alleges, among other things, that she was wrongfully terminated from her position at Defendant Saint Dominic Academy ("SDA") because of her age, disability, and whistleblowing activities. Presently pending before the Court is a motion to dismiss the Second Amended Complaint ("SAC") filed by Defendants SDA and Guendolyn Farrales. D.E. 23. Plaintiff filed a brief in opposition, D.E. 25, to which Defendants replied, D.E. 26. The Court reviewed the submissions[1] and decides the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendants' motion is **GRANTED.**

---

[1] Defendants' brief in support of their motion to dismiss, D.E. 23-1, is referred to as "Defs. Br."; Plaintiff's brief in opposition, D.E. 25, is referred to as "Plf. Opp."; and Defendants' reply, D.E. 26, is referred to as "Defs. Reply."

I. **BACKGROUND AND PROCEDURAL HISTORY**

SDA is "a private college-preparatory" school for seventh through twelfth-grade girls in New Jersey.[2] SAC ¶ 2. Plaintiff was previously a teacher at SDA. *Id.* ¶ 8. Plaintiff alleges that she was terminated from her employment with SDA on October 9, 2018, the day she returned from a leave of absence due to a motor vehicle accident. *Id.* ¶¶ 8, 11. Prior to her termination, Plaintiff taught theology and oversaw the Religion Department and Campus Ministry. *Id.* ¶ 12. Plaintiff indicates that while employed, she made numerous complaints regarding "violations of the law and . . . educational process" at SDA. *Id.* ¶ 13. Plaintiff continues that she made these complaints to members of the SDA administration, including to Defendant Farrales, the Dean of SDA. *Id.* ¶¶ 2, 13-14. Finally, Plaintiff claims that she was terminated at the direction of Farrales and other SDA administrators and was replaced by a younger employee, who was unqualified to replace Plaintiff. *Id.* ¶¶ 10, 15.

Plaintiff filed her initial eight-count complaint against SDA and Farrales in the Superior Court of New Jersey. Plaintiff asserted claims under the New Jersey Law Against Discrimination ("LAD"), N.J. Stat. Ann. § 10:5-1 *et seq.*; breach of the SDA Employee Manual and of the implied covenant of good faith and fair dealing; and under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* D.E. 1-1. Defendants removed the matter to this Court on December 11, 2019, asserting federal question jurisdiction due to Plaintiff's FMLA claim. *See* Notice of Removal ¶ 5, D.E. 1. Defendants subsequently filed a motion to dismiss on January 8, 2020,

---

[2] The factual background is taken from Plaintiff's Second Amended Complaint (the "SAC"). D.E. 21. When reviewing a Rule 12(b)(6) motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

seeking to dismiss Counts One through Seven of the Complaint pursuant to Rule 12(b)(6).[3]  D.E. 3.  On July 29, 2020, the Court granted in part and denied in part Defendants' motion.  The Court provided Plaintiff thirty days to file an amended pleading that cured the identified deficiencies.  D.E. 9.

Plaintiff filed an amended pleading on August 26, 2020.  D.E. 11.  The amended complaint had eleven counts[4]: Counts One through Five asserted claims under LAD; Count Six asserted a claim under New Jersey Labor and Workman's Compensation Law, N.J. Stat. Ann. § 34:15-39 *et seq.*; Counts Seven, Ten and Eleven asserted claims under the FMLA and New Jersey Family Leave Act ("NJFLA"), N.J. Admin. C. § 4A:6-1 *et seq.*; and Counts Eight and Nine asserted claims for breach of the SDA Employee Manual and breach of the implied covenant of good faith and fair dealing, respectively.  *Id*.  Defendants subsequently filed a second motion to dismiss.  D.E. 13.  The Court granted Defendants' motion on April 28, 2021, and dismissed all of Plaintiff's claims pursuant to the ministerial exception.  The Court, however, granted Plaintiff leave to file another amended pleading that cured the identified deficiencies.  D.E. 19, 20.

Plaintiff filed the SAC on May 28, 2021.  The SAC is largely the same as Plaintiff's Amended Complaint.  The SAC asserts the same eleven counts, including the two "Sixth Counts," but includes slightly different factual allegations.  D.E. 21.  Defendants filed the instant motion to

---

[3] Plaintiff did not oppose Defendants' initial motion to dismiss.  Instead, on February 3, 2020, Plaintiff filed an amended complaint.  D.E. 6.  Because the amended pleading was not filed in accordance with Federal Rule of Civil Procedure 15(a) and Plaintiff did not remedy this mistake after she was provided with an opportunity to do so, the Court disregarded Plaintiff's February 3 amended complaint.  D.E. 9 at 1-2.

[4] Plaintiff asserted two "Sixth Counts" in the SAC.  As a result, the Court refers to the claims in numerical order, rather than as titled.

dismiss on July 7, 2021, seeking to dismiss the SAC in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).  D.E. 23.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint that fails "to state a claim upon which relief can be granted[.]"  For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).  In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).  Restatements of the elements of a claim are legal conclusions, and therefore, are not entitled to a presumption of truth.  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).  The Court, however, "must accept all of the complaint's well-pleaded facts as true."  *Fowler*, 578 F.3d at 210.

## III.    ANALYSIS

Defendants again seek to dismiss Plaintiff's entire complaint pursuant to the ministerial exception.  Def. Br. at 13.  Plaintiff, however, contends that the ministerial exception is an affirmative defense that is not properly addressed through a motion to dismiss.  Plf. Opp. at 1, 10-11.  The ministerial exception is, in fact, an affirmative defense.  *See Hosanna-Tabor Evangelical Lutheran Church & Sch. v. EEOC*, 565 U.S. 171, 195 n.4 (2012) (explaining that the ministerial exception is "an affirmative defense to an otherwise cognizable claim, not a jurisdictional bar").

4

An affirmative defense may be an appropriate ground to dismiss under Rule 12(b)(6) "if its applicability can be determined from the face of the complaint and documents properly considered on a Rule 12(b)(6) motion." *Fraize v. Gov't Nat'l Mortg. Assoc.*, No. 14-7152, 2016 WL 958392, at *6 (D.N.J. Mar. 14, 2016). The court is able to do so here.

Next, Defendants argue that in addition to the factual allegations in the SAC, the Court may also consider SDA's Employee Handbook (the "Handbook"), as this document is integral to Plaintiff's claims. Defs. Br. at 5, 11-12. Plaintiff counters that the Court's analysis is constrained to the factual allegations in SAC and appears to argue that the Handbook is not an integral document. Plf. Opp. at 10. In deciding a motion to dismiss, a court ordinarily considers only the factual allegations in the pleading, exhibits attached to the complaint, and matters of public record. A court may also rely on "a document *integral to or explicitly relied* upon in the complaint." *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (emphasis in original) (citation omitted). A document is integral if a "claim would not exist but-for the existence of the document." *Dix v. Total Petrochems. USA, Inc.*, No. 10-3196, 2011 WL 2474215, at *1 (D.N.J. June 20, 2011). Here, Plaintiff explicitly references the Handbook in the SAC, *see, e.g.*, SAC ¶¶ 11, 16, and asserts two claims for breach of the Handbook, *id.* ¶¶ 63-71. Consequently, the Court may consider the Handbook in deciding the instant motion because the document is both integral to and explicitly relied upon in the SAC.

Turning to the merits of Defendants' ministerial exception argument, under the exception, "courts are bound to stay out of employment disputes involving those holding certain important positions with churches and other religious institutions." *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 140 S. Ct. 2049, 2060 (2020). In *Our Lady of Guadalupe*, the Supreme Court determined that the exception protects a religious institution's "autonomy with respect to internal

management decisions that are essential to the institution's central mission." *Id*. An integral part of this autonomy is the religious institution's ability to hire individuals to fulfill "key" roles. Thus, the Supreme Court determined that the exception is not limited solely to ministers but also encompasses individuals who educate students in the applicable faith because this is a "vital religious duty" for many faiths. *Id*. at 2060, 2066. Consequently, in deciding whether the exception applies, courts should not focus on an individual's title but should "take all relevant circumstances into account and [] determine whether each particular person implicated the fundamental purpose of the exception." *Id.* at 2067.

Plaintiff previously pled that she was Chairperson of the Religion Department and Campus Minister. AC ¶ 8, D.E. 11. Further, she identified herself as an "experienced professional with over four decades" of theology teaching experience who has a master's degree in Theology. *Id*. ¶ 12. Plaintiff further pled that SDA is an "educational organization" in Jersey City and "is an asset of the Dominican Sisters of Caldwell" and "operates under the auspices of the Archdiocese of Newark." *Id.* ¶ 2. Through these allegations, the Court concluded that Plaintiff performed a vital religious duty—teaching and promoting the Catholic faith to students – such that her duties appeared to fit squarely within the ministerial exception. Apr. 28 Opinion at 5-7.

In the SAC, Plaintiff focuses on her position as a teacher. *See* SAC ¶ 8 (pleading that "Plaintiff taught; she was and is an educator"). Plaintiff now pleads that she is not a minister, nor does "she engage in any ministerial and ecclesiastical acts on behalf of [SDA]." *Id*. ¶¶ 1, 8. But Plaintiff's emphasis on her role as a teacher does not remove her from the parameters of the ministerial exception. As discussed, the Supreme Court explicitly held in *Our Lady of Guadalupe* that the exception *is not* limited solely to ministers and instead encompasses religious educators. *Our Lady of Guadalupe*, 140 S. Ct. at 2060, 66.

In addition, in the SAC, Plaintiff omits the previous allegation that SDA is an asset of the Dominican Sisters of Caldwell and operates under the Archdiocese of Newark. Instead, Plaintiff pleads that SDA is a college preparatory school. SAC ¶ 2. Moreover, in one paragraph Plaintiff omits her former position of "Chairperson, Religion Department and Campus Minister" and that she was replaced by a woman who did not have a theology degree. *Id.* ¶ 8. Thus, it appears in a clear effort to plead around the ministerial exception, Plaintiff has now removed references to the fact that SDA was affiliated with the Catholic Church and that she taught religion in the SAC. In deciding a Rule 12(b)(6) motion to dismiss, a court must limit its analysis to allegations in the operative pleading, here the SAC. Accordingly, a court cannot consider allegations that were asserted in a prior pleading but omitted from the operative pleading.[5] *See W. Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, (3d Cir. 2013) ("[A]t the motion to dismiss stage, when the district court typically may not look outside the four corners of the amended complaint, the plaintiff cannot be bound by allegations in the superseded complaint."). Accordingly, the Court does not consider Plaintiff's omitted allegations, and only considers allegations in the SAC.

But despite her attempts to do so, Plaintiff does not remove all references to her position as a Religion teacher in the SAC, or that SDA is affiliated with the Catholic Church. Plaintiff still pleads in the SAC that she has four decades of experience teaching theology and overseeing the Religion Department and Campus Ministry for SDA, and that she has a Master's degree in theology. SAC ¶ 12. The SAC also discusses other SDA employees, who were nuns, *id.* ¶ 13, and that SDA had to adhere to "Diocese requirements," *id.* ¶ 9. Finally, as discussed, the Court can

---

[5] Of course, if such alterations to the SAC did not have evidentiary support, Plaintiff could be subject to Rule 11 sanctions. Defendants, however, do not move under Rule 11.

refer to the Handbook in deciding Defendants' motion. The Handbook includes a paragraph entitled "Faith Community," which states that SDA

> is nevertheless *first and foremost a Catholic institution* and thus holds an expectation that all faculty and staff respect and support Catholic tradition and teaching. Teachers and staff must also respect and support the spirit of the faith community that is central to [SDA].

Buge Cert., Ex. B. at 5 (emphasis added). Other references in The Handbook reflect that it is a Catholic school, including a requirement that non-teaching staff are expected to attend school liturgies and prayer services, *id.* at 15, and that "[m]arketing is essential for all Catholic schools today," *id.* at 22. Accordingly, despite Plaintiff's attempt, there are still sufficient allegations in the SAC and Handbook to conclude that SDA is a religious institution, and that Plaintiff performed a vital religious duty as a religious educator. Therefore, the Court still concludes that the ministerial exception bars Plaintiff's claims.

Plaintiff also contends that she can only be considered a minister under the ministerial exception if Plaintiff's name appears on SDA's IRS Form 4361. Plf. Opp. at 12. IRS Form 4361 permits individuals to apply for an exemption for ministerial earnings. *See About Form 4361, Application for Exemption From Self-Employment Tax for Use By Ministers, Members of Religious Orders and Christian Science Practitioners | Internal Revenue Service*, http://www.IRS.gov. Ordained or licensed ministers, Christian Science practitioners, and a "member of a religious order who has not taken a vow of poverty" can use the form. *Id.* But again, the ministerial exception is not limited to "ministers." *See Our Lady of Guadalupe*, 140 S. Ct. at 2063. Thus, although the fact that an individual utilized a Form 4361 may be relevant, it is by no means dispositive to a determination that the ministerial exception applies. This argument, therefore, is rejected.

8

As discussed, as pled, Plaintiff performed a vital religious duty at a Catholic institution. Accordingly, Plaintiff's claims are barred by the ministerial exception. Defendants' motion is granted on these grounds and the SAC is dismissed.[6]

When dismissing claims through a Rule 12(b)(6) motion to dismiss, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). In this last attempt, Plaintiff omitted facts in an attempt (albeit unsuccessful) to avoid the Court's prior conclusions. As a result, the Court has real concerns about futility particularly because it appears that Plaintiff's alterations were an attempt to avoid the ministerial exception. Defendants, however, have not moved for Rule 11 sanctions, and Defendants would be in the best position to know whether Plaintiff's allegations lack evidentiary support. As a result, the Court grants Plaintiff one final opportunity to file an amended complaint consistent with the Opinion.

## IV.     CONCLUSION

For the reasons set forth above, and for good cause shown,

**IT IS** on this 29th day of December, 2021,

**ORDERED** that Defendants' motion to dismiss, D.E. 23, is **GRANTED** and the SAC is dismissed; and it is further

---

[6] Because the SAC is dismissed in its entirety based on the ministerial exception, the Court does not address Defendants' remaining arguments for dismissal.

**ORDERED** that dismissal is without prejudice. Plaintiff shall have thirty (30) days to file an amended complaint that cures the deficiencies noted herein. If Plaintiff does not file an amended pleading within that time, the claims dismissed herein will be dismissed with prejudice.

_____
John Michael Vazquez, U.S.D.J.